UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY DAVID MURPHY,

        Plaintiff,                Case No. 1:14-cv-269

v.                                          Honorable Paul L. Maloney

STEVEN KARBER, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court initially served the complaint against all Defendants (docket #4). On further review, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Prelesnik. The Court's order for service on the remaining Defendants will remain in force.

**Discussion**

I.   Factual allegations

Plaintiff Timothy David Murphy presently is incarcerated at the Bellamy Creek Correctional Facility (ICF). He sues the following ICF or former-ICF officials: Mailroom Clerks Steven Karber and Craig Lantagne; Assistant Resident Unit Supervisors Eric Smith and J. Gehoski; and former Warden John Prelesnik.

Plaintiff alleges numerous instances between January 26, 2011 and March 2012 on which Defendants violated his First Amendment rights by interfering with his incoming mail, all of which involved his ongoing litigation, future litigation, and general prisoner legal materials. Defendants Karber and Lantagne issued notices of intent to reject the litigation and issued many of these notices of intent in retaliation for Petitioner's litigation activities and complaints about their behavior. In addition, he alleges that Defendants Smith and Gehoski conducted hearings and made determinations on specific rejection notices. Plaintiff's sole allegation against Defendant Prelesnik is that, as warden, he "personally affirmed and/or acquiesced in the censorship decisions listed above . . . ." (Compl. ¶ 23, docket #1 at 9-10, Page ID ##10-11.)

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegation against Defendant Prelesnik is wholly conclusory and appears to be based on his supervisory authority over the actions of his subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of*

*Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's conclusory allegation that Defendant Prelesnik affirmed or acquiesced in the decisions of his subordinates is based on no specific facts and suggests, at most, that Prelesnik merely failed to act to overrule decisions made by his subordinates. These allegations are insufficient to suggest that Defendant Prelesnik engaged in any active unconstitutional behavior. *See Grinter*, 532 F.3d at 575. Accordingly, he fails to state a claim against Defendant Prelesnik.

## Conclusion

Upon further review under the standards of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court determines that Plaintiff's claims against Defendant Prelesnik shall be dismissed for failure to state a claim. The Court's May 5, 2014 order for service (docket #4) remains in force with respect to all other Defendants.

An Order consistent with this Opinion will be entered.


Dated: May 23, 2014                          /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   Chief United States District Judge